**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY SCHIFFMAN and ANTHONY WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>        v.<br><br>URBANI TRUFFLES USA, INC.,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Jay Schiffman and Anthony Williams (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations pursuant to the investigations of their counsel and upon information and belief, except as to the allegations specifically pertaining to themselves or their counsel, which are based on personal knowledge:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.      This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed Plaintiffs class, any member of the Plaintiffs class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

3.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Schiffman is a citizen of California and purchased Urbani Truffle Oil from Defendant in this District. Moreover, Defendant distributed, advertised, and sold Urbani Truffle Oil, which is the subject of the present Complaint, in this District.

## INTRODUCTION

4.      This is a class action against Urbani Truffles USA, Inc. ("Urbani" or "Defendant") for the false, misleading, and deceptive misbranding of its Urbani White Truffle Oil and Urbani Black Truffle Oil (the "Products" or "Urbani Truffle Oil") sold to consumers. Urbani markets its truffle oil as containing actual "White Truffle[s]" or "Black Truffle[s]," respectively. But Urbani Truffle Oil is nothing of the sort; instead of flavoring its oil with actual "White Truffle[s]" or "Black Truffle[s]," Defendant's Products are flavored with an industrially produced, chemically-derived perfume known

as "2,4-dithiapentane."  Despite the absence of actual "White Truffle" or "Black Truffle," Urbani

Truffle Oil is sold at a substantial price premium over olive oil that does not contain real truffles.

5.      2,4-dithiapentane, also known as "formaldehyde dimethyl mercaptal," is synthetically

prepared by the acid-catalyzed addition of methyl mercaptan to formaldehyde.  Although it emulates

the taste and smell of truffles, it is *not* truffle.

6.      Urbani's misbranding is intentional.  The front label and packaging of Urbani Truffle

Oil represents in extra-large, bold, all-capital lettering that the product contains "White Truffles" and

"Black Truffles," respectively:

 

7.     The mislabeling of Urbani Truffle Oil renders the product completely worthless.  By mislabeling its products, Urbani dupes consumers into purchasing something that is not truffle oil.  Nevertheless, Urbani Truffle Oil is labeled and sold as premium truffle oil, and it commands a *significant* price premium over other olive oil products.  For example, Urbani Truffle Oil commands a 1,275% - 1,400% price premium, per fluid ounce, over a competing olive oil brand:

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Urbani White Truffle Oil | 1.8 fl. oz. | $11.90 | $6.60 per fl. oz. |
| Urbani Black Truffle Oil | 1.8 fl. oz. | $10.90 | $6.05 per fl. oz. |
| Bertoli Extra Virgin Olive Oil | 8.5 fl. oz. | $3.78 | $0.44 per fl. oz. |

Plaintiffs and class members have thus been hit with a costly double-whammy: a premium purchase price for a worthless product.

8.     Through this lawsuit, Plaintiffs seek to recover, for themselves and all others similarly situated purchasers of Urbani Truffle Oil in the United States, damages against Defendant for breach of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, unjust enrichment, negligent misrepresentation, fraud, and violations of New York and California's false advertising and consumer protection laws.

## THE PARTIES

9.     Plaintiff Jay Schiffman is a citizen of California who resides in Granite Bay, California.  In August of 2016, Plaintiff Schiffman purchased a 1.8 fl. oz. bottle of Urbani White Truffle Oil from a Whole Foods in Roseville, California.  The bottle he purchased prominently displayed the product name and represented that it contained "White Truffles" in large, bold, all-capital letters.  He saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product did, in fact, contain white truffles.  He relied

on these representations and warranties in deciding to purchase Urbani Truffle Oil and these representations and warranties were part of the basis of the bargain in that he would not have purchased Urbani Truffle Oil if he had known that the product did not, in fact, contain white truffles. However, the Urbani Truffle Oil purchased by Plaintiff Schiffman was mislabeled in that it did not contain actual "White Truffles."

10.     Plaintiff Anthony Williams is a citizen of New York who resides in Long Island, New York.  In November of 2016, Plaintiff Williams purchased a 1.8 fl. oz. bottle of Urbani White Truffle Oil from a Whole Foods in Lake Grove, New York.  The bottle he purchased prominently displayed the product name and represented that it contained "White Truffle" in large, bold, all-capital letters. He saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product did, in fact, contain white truffles.  He relied on these representations and warranties in deciding to purchase Urbani Truffle Oil and these representations and warranties were part of the basis of the bargain in that he would not have purchased Urbani Truffle Oil if he had known that the product did not, in fact, contain white truffles.  However, the Urbani Truffle Oil purchased by Plaintiff Williams was mislabeled in that it did not contain actual "White Truffles."

11.     Defendant Urbani Truffles USA, Inc. is a corporation existing under the laws of the State of New York, with its principal place of business at 10 West End Avenue, New York, New York.  Defendant Urbani Truffles USA, Inc. holds itself out as an importer of gourmet truffle oils and other Italian delicacies.  Defendant Urbani Truffles USA, Inc. markets and sells these oils widely throughout the United States.  Plaintiffs reserve their rights to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Urbani who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL BACKGROUND

12.     Nothing boosts the prestige (and price) of a food or beverage like the perception that it is traditional, hand-picked, fresh, or otherwise limited in production.

13.     For example, Whole Foods lists prices for its fruits and vegetables on what appear to be chalkboards.  The implication is that prices change regularly as if responding to local crop conditions.  In fact, the prices are permanently printed on the faux chalkboards, which are part of a marketing strategy meant to "evoke the image of Grapes of Wrath-era laborers piling box after box of fresh fruit into the store."

14.     But in a world full of manipulative marketers, the truffle is the real deal.  A type of fungus that grows on tree roots, the truffle stands on the right side of the line between decomposition and decadence.  While many are viewed as almost worthless, a few truffle varieties found in Italy, France, Spain, and surrounding areas are esteemed as a luxurious addition to numerous dishes such as pasta, steaks, and foie gras.

15.     These truffles help dishes "jump off the plate" with an aroma that is captivating. These fickle cousins of mushrooms have proven impossible to mass produce; they are still dug up individually by dogs that track its scent.

16.     The truffle stands in stark contrast to our era of convenience: the preservatives in bread that allow it to stay fresh for weeks and the year-round availability of seasonal fruits and vegetables.  Admirers contend that the truffle begins to lose its flavor as soon as it is pulled from the ground, and fresh truffles are seasonal.  The rarity of truffles has made them—at thousands of dollars per pound for Italy's prized white truffles—the most expensive food in the world.  In 2007, a Macau casino owner set a record by paying $330,000 for a 3.3-pound truffle unearthed in Tuscany.

17.     The combination of these two trends—the desire for a convenient, ever-ready supply of an ingredient, and a hunger for the traditional, the rare, and "real food"—has created an environment ripe for fraudulent behavior.  This, in turn, led to what seems to be a remarkably successful scam on foodie culture: truffle oil.

18.     Despite the name, some manufacturers produce "truffle oil" that does not contain even trace amounts of truffle; it is olive oil mixed with 2,4-dithiapentane, a compound that makes up part of the smell of truffles and is entirely the product of a laboratory.  Essentially, truffle oil is

olive oil plus a synthetic injection imitating truffles' famous taste and smell.

19.     And Urbani Truffle Oil is no exception.  It is a distant cry from oil contain real truffles.

20.     What it does contain, however, is 2,4-dithiapentane—a petroleum-based, synthetically-produced imposter chemical that imitates the distinct taste and smell of real truffles.

21.     The Material Safety Data Sheet on 2,4-dithiapentane has many cautions and warnings.  This compound is listed as a flammable, as well as being a severe eye, lung and skin irritant.  If ingested, this chemical "may cause CNS [central nervous system] depression," and if it is inhaled, it can lead to delayed pulmonary edema.

22.     And many consumers are tricked into purchasing what they believe to be truffle oil because 2,4-dithiapentane is often disguised on truffle oil product labels as "aroma," "flavor," or "essence."

23.     To make matters worse, according to the New York Times, "one teaspoon of 'truffle aroma,' the amount typically used in an eight-ounce bottle of white truffle oil (black truffle oil is made with a lesser quantity of the same chemical) costs about 40 cents."  By comparison, actual truffles cost hundreds or even thousands of dollars per ounce.

24.     Nonetheless, Urbani capitalizes on this trickery to dupe consumers into paying a substantial price premium for oil that is not contain actual truffles.

25.     Urbani intentionally designs its packaging so that the words "White Truffle" or "Black Truffle," respectively, appear in large, bold, all-capital lettering on the front of the Products' label.

26.      Reasonable consumers attach importance to Defendant's "White Truffle" and "Black Truffle" claims when making a purchasing decision.  Defendant's false and misleading representations and omissions thus have, and continue to, deceive reasonable consumers.

27.     Reasonable consumers must and do rely on food label representations and information in making purchasing decisions.

28.     Defendant's statements that the Products contain "White Truffle" or "Black

Truffle," respectively, is material to a reasonable consumer's purchase decision because reasonable consumers, such as Plaintiffs, care whether a food product actually contains what Defendant purports, especially when the product claims to contain "White Truffles" or "Black Truffles," respectively, which carries with it a *significant* price premium.

29.     Defendant markets and advertises the Products as containing "White Truffle" or "Black Truffle," respectively, to increase sales derived from the Products.  Defendant is well aware that the "White Truffle" and "Black Truffle" claims are material to reasonable consumers, and knowingly mislabeled its Products.

30.     Upon information and belief, in making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for Urbani Truffle Oil if they were labeled as containing "White Truffles" or "Black Truffles," coveted delicacies.  Indeed, Defendant prominently marked the front packaging of Urbani Truffle Oil with the words "White Truffle" and "Black Truffle," respectively, in large, bold, all-capital font, precisely because they knew that consumers like Plaintiffs attach great importance to the presence of white truffles or black truffles in Urbani Truffle Oil.

## CLASS ALLEGATIONS

31.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Urbani Truffle Oil (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

32.     Plaintiff Schiffman also seeks to represent a subclass of all Class members who purchased Urbani Truffle Oil in California (the "California Subclass").

33.     Plaintiff Williams also seeks to represent a subclass of all Class members who purchased Urbani Truffle Oil in New York (the "New York Subclass").

34.     Members of the Class and Subclasses are so numerous that its individual joinder herein is impracticable.  The precise number of Class members and its identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of

1   Defendant and third party retailers and vendors.

2       35.      Common questions of law and fact exist as to all Class members and predominate

3   over questions affecting only individual Class members.  Common legal and factual questions

4   include, but are not limited to:

5           a.      Whether Defendant misrepresented and/or failed to disclose material facts

6   concerning Urbani Truffle Oil;

7           b.      Whether Defendant's conduct was unfair and/or deceptive;

8           c.      Whether Defendant has been unjustly enriched as a result of the unlawful,

9   fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for

10  Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class and

11  Subclasses;

12          d.      Whether Defendant breached express warranties to Plaintiffs and the Class;

13          e.      Whether Defendant breached implied warranties to Plaintiffs and the Class;

14          f.      Whether Plaintiffs and the Class have sustained damages with respect to the

15  common-law claims asserted, and if so, the proper measure of its damages.

16      36.      The claims of the named Plaintiffs are typical of the claims of the Class and

17  Subclasses in that the named Plaintiffs purchased one or more containers of Urbani Truffle Oil.

18      37.      Plaintiffs are adequate representatives of the Class and Subclasses because their

19  interests do not conflict with the interests of the Class members they seek to represent, they have

20  retained competent counsel experienced in prosecuting class actions, and they intend to prosecute

21  this action vigorously.  The interests of Class members will be fairly and adequately protected by

22  Plaintiffs and their counsel.

23      38.      The class mechanism is superior to other available means for the fair and efficient

24  adjudication of the claims of Class and Subclass members.  Each individual Class member may

25  lack the resources to undergo the burden and expense of individual prosecution of the complex and

26  extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

27  the delay and expense to all parties and multiplies the burden on the judicial system presented by

28

the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I

### (Violation Of California's Consumers Legal Remedies Act)

39.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

40.     Plaintiff Schiffman brings this cause of action on behalf of himself and members of the California Subclass.

41.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

42.     Plaintiff Schiffman and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought Urbani Truffle Oil for personal, family, or household purposes.

43.     Plaintiff Schiffman, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

44.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

45.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Schiffman and the other members of the California Subclass that Urbani Truffle Oil contained "White Truffles" and "Black Truffles," respectively, when, in fact, it contains

artificial chemicals.

46.     As a result of engaging in such conduct, Defendant has violated California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

47.     On March 28, 2017, a pre-suit demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false, and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.  Defendant has failed to comply with the letter.

48.     Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Schiffman, on behalf of himself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violation Of California's Unfair Competition Law)

49.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

50.     Plaintiff Schiffman brings this cause of action on behalf of himself and members of the California Subclass.

51.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

52.     Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9), as alleged above and its violations of the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq*., as alleged below.

53.     Defendant's acts and practices described above also violate the UCL's proscription

against engaging in fraudulent conduct.

54.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of Urbani Truffle Oil is likely to deceive reasonable consumers.  Indeed, Plaintiff Schiffman and the other members of the California Subclass were unquestionably deceived regarding the true nature of Urbani Truffle Oil, as Defendant's marketing, advertising, packaging, and labeling of the Urbani Truffle Oil misrepresents and/or omits the true facts concerning the identity and characteristics of Urbani Truffle Oil.  Said acts are fraudulent business practices.

55.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

56.     Plaintiff Schiffman and the other California Subclass members suffered a substantial injury by virtue of buying Urbani Truffle Oil which they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Urbani Truffle Oil.

57.     There is no benefit to consumers from deceptively marketing and labeling Urbani Truffle Oil, which purports to contain "White Truffles" and "Black Truffles," respectively, when this claim is false.

58.     Plaintiff Schiffman and the other California Subclass members had no way of reasonably knowing that the Urbani Truffle Oil they purchased was not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

59.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason, and such conduct is immoral, unethical, unscrupulous, offends established public policy, and is substantially injurious to Plaintiff Schiffman and the other members of the California Subclass.

60.     Defendant's violations of the UCL continue to this day.

61.     Pursuant to California Business and Professional Code § 17203, Plaintiff Schiffman and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to: (a) provide restitution to Plaintiff Schiffman and the other California Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's and the California Subclass' attorneys' fees and costs.

## COUNT III

### (Violation Of California's False Advertising Law)

62.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

63.     Plaintiff Schiffman brings this cause of action on behalf of himself and members of the California Subclass.

64.     As alleged more fully above, Defendant has falsely advertised Urbani Truffle Oil by falsely claiming that it contains "White Truffles" and "Black Truffles," respectively, when it does not.

65.     Plaintiff Schiffman and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*

## COUNT IV

### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

66.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

67.     Plaintiff Williams brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

68.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Urbani Truffle Oil did, in fact, contain "White Truffles" and "Black Truffles," respectively.

69.     The foregoing deceptive acts and practices were directed at consumers.

70.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Urbani Truffle Oil to induce consumers to purchase same.

71.     Plaintiff Williams and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Urbani Truffle Oil had they known that it contained artificial chemicals, and did not contain "White Truffles" and "Black Truffles," respectively, (b) they overpaid for Urbani Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Urbani Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it contained "White Truffles" and "Black Truffles," respectively.  As a result, Plaintiff Williams and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Urbani Truffle Oil or in the difference in value between Urbani Truffle Oil as warranted and Urbani Truffle Oil as actually sold.

72.     On behalf of himself and other members of the New York Subclass, Plaintiff Williams seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT V

### (False Advertising, New York Gen. Bus. Law § 350)

73.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

74.     Plaintiff Williams brings this claim individually and on behalf of the members of the proposed New York Subclass.

75.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Urbani Truffle Oil.

76.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

77.     This misrepresentation has resulted in consumer injury or harm to the public interest.

78.     Plaintiff Williams and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Urbani Truffle Oil had they known that it contained artificial chemicals, and did not contain "White Truffles" and "Black Truffles," respectively, (b) they overpaid for Urbani Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Urbani Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it contained "White Truffles" and "Black Truffles," respectively.  As a result, Plaintiff Williams and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Urbani Truffle Oil or in the difference in value between Urbani Truffle Oil as warranted and Urbani Truffle Oil as actually sold.

79.     On behalf of himself and other members of the New York Subclass, Plaintiff Williams seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT VI

**(Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)**

80.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

81.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

82.     Urbani Truffle Oil is a consumer product as defined in 15 U.S.C. § 2301(1).

83.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

84.     Defendant is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

85.     In connection with the sale of Urbani Truffle Oil, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Urbani Truffle Oil did, in fact, contain "White Truffles" and "Black Truffles," respectively.

86.     In fact, Urbani Truffle Oil is an adulterated product that does not contain real "White Truffles" or "Black Truffles," but rather contains artificial chemicals that emulate the taste and smell of real truffles.

87.     By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and Class members.

88.     Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Urbani Truffle Oil had they known that it contained artificial chemicals, and did not contain "White Truffles" and "Black Truffles," respectively, (b) they overpaid for Urbani Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Urbani Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it contained "White Truffles" and "Black Truffles," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Urbani Truffle Oil or in the difference in value between Urbani Truffle Oil as warranted and Urbani Truffle Oil as actually sold.

## COUNT VII

### (Breach Of Express Warranty)

89.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

90.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

91.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Urbani Truffle Oil did, in fact, contain "White Truffles" and "Black

Truffles," respectively.

92.     In fact, Urbani Truffle Oil is an adulterated product that contains artificial chemicals, and not white truffles or black truffles.

93.     Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Urbani Truffle Oil had they known that it contained artificial chemicals, and did not contain "White Truffles" and "Black Truffles," respectively, (b) they overpaid for Urbani Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Urbani Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it contained "White Truffles" and "Black Truffles," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Urbani Truffle Oil or in the difference in value between Urbani Truffle Oil as warranted and Urbani Truffle Oil as actually sold.

## COUNT VIII

### (Breach of Implied Warranty Of Merchantability)

94.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

95.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

96.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Urbani Truffle Oil did, in fact, contain "White Truffles" and "Black Truffles," respectively.

97.     Defendant breached the warranty implied in the contract for the sale of Urbani Truffle Oil because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for its intended and ordinary purpose because Urbani Truffle Oil is an adulterated product that contains artificial chemicals, not "White Truffles" or "Black Truffles."  As a result, Plaintiffs and Class

members did not receive the goods as impliedly warranted by Defendant to be merchantable.

98.     Plaintiffs and Class members purchased Urbani Truffle Oil in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

99.     Urbani Truffle Oil was not altered by Plaintiffs or Class members.

100.    Urbani Truffle Oil was defective when it left the exclusive control of Defendant.

101.    Defendant knew that Urbani Truffle Oil would be purchased and used without additional testing by Plaintiffs and Class members.

102.    Urbani Truffle Oil was defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

103.    Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Urbani Truffle Oil had they known that contained artificial chemicals, and did not contain "White Truffles" and "Black Truffles," respectively, (b) they overpaid for Urbani Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Urbani Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it contained "White Truffles" and "Black Truffles," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Urbani Truffle Oil or in the difference in value between Urbani Truffle Oil as warranted and Urbani Truffle Oil as actually sold.

## COUNT IX

### (Unjust Enrichment)

104.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

105.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

106.    Plaintiffs and Class members conferred benefits on Defendant by purchasing Urbani Truffle Oil.

107.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Urbani Truffle Oil.  Retention of those moneys under these circumstances is unjust and inequitable because Urbani Truffle Oil is an adulterated product that consists of artificial flavoring, not "White Truffles" or "Black Truffles," and resulted in purchasers being denied the full benefit of its purchase because they did not purchase a product that actually contained "White Truffles" and "Black Truffles," respectively.

108.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

## COUNT X

### (Negligent Misrepresentation)

109.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

110.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

111.     As discussed above, Defendant represented that Urbani Truffle Oil did, in fact, contain "White Truffles" and "Black Truffles," respectively, but failed to disclose that it is actually an adulterated product that is flavored by artificial chemicals, not by "White Truffles" and "Black Truffles."  Defendant had a duty to disclose this information.

112.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of its truth or veracity.

113.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about Urbani Truffle Oil.

114.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Urbani Truffle Oil.

115.    Plaintiffs and Class members would not have purchased Urbani Truffle Oil if the true facts had been known.

116.    The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT XI

### (Fraud)

117.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

118.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

119.    As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Urbani Truffle Oil, including but not limited to the fact that it is an adulterated product that is flavored by artificial chemicals, not by "White Truffles" and "Black Truffles," respectively.  These misrepresentations and omissions were made with knowledge of its falsehood.

120.    The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Urbani Truffle Oil.

121.    The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class and California and New York Subclasses as follows:

       A.    For an order certifying the nationwide Class and the California and New York Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.   For an order declaring that Defendant's conduct violates the statutes referenced herein;

C.   For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D.   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.   For injunctive relief enjoining the illegal acts detailed herein;

F.   For prejudgment interest on all amounts awarded;

G.   For an order of restitution and all other forms of equitable monetary relief;

H.   For an order awarding Plaintiffs and the Class and Subclasses its reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all claims so triable.

Dated: May 2, 2017                                        Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____ */s/ L. Timothy Fisher*_____
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
             jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiffs, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Plaintiff Schiffman alleges that he resides in this District and purchased his Urbani White Truffle Oil this District.

3.      Plaintiff Schiffman alleges that he purchased his Urbani White Truffle Oil for household use from a Whole Foods retail store in California.  He alleges that when he purchased his Urbani White Truffle Oil, he relied on Defendant's representation that the product contained "White Truffles."  He understood that representation to mean that the Urbani White Truffle Oil did in fact, contain actual white truffles.

4.      Plaintiff Schiffman alleges that Defendant's misrepresentation of its White Truffle Oil was an immediate cause of his decision to purchase Defendant's Product.  He alleges that in all reasonable probability that he would not have agreed to purchase Defendant's White Truffle Oil, or he would have sought materially different terms, had he known that Defendant's representations were false and misleading.

5.      Plaintiff Schiffman alleges that Defendant's representation concerning the nature and characteristics of its White Truffle Oil played a substantial part, and so had been a substantial factor, in his decision to purchase the White Truffle Oil.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May 2, 2017 at Walnut Creek, California.

_____
L. Timothy Fisher